IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.  Case No: 4:94cr4054/WS

BRADY LAVICK ADAMS,
    Defendant
_____/

## REPORT AND RECOMMENDATION

This case is before the court on Defendant's "Independent Action for Relief from Final Judgment" in which he seeks relief pursuant to Rule 60(d)(1). (ECF No. 292.) After review of the record, the undersigned recommends that the motion be denied.

### PROCEDURAL HISTORY and DISCUSSION

A jury convicted Defendant in 1995 of kidnapping (Count One), possession of a firearm during a crime of violence (Count Two), and possession of a firearm by a convicted felon (Count Three). The court sentenced him to a term of life imprisonment as to Count One, a consecutive term of 60 months on Count Two, and a concurrent term of 360 months on Count Three. (ECF No. 48). He appealed, and the Eleventh Circuit affirmed his conviction. (ECF No. 65.) The United States Supreme Court denied his petition for a writ of certiorari in November 4,

1996.  (*See* ECF No. 66.)  Defendant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 pursuant to the prison mailbox rule on November 6, 1997.  (ECF No. 69.)  The motion was denied as untimely on January 9, 1998. (ECF No. 75.)  The district court denied Defendant's motion for reconsideration (ECF No. 85), but granted a certificate of appealability on the question of when a judgment is final for purposes of § 2255. (ECF No. 96.)  The appeal was dismissed, and the Eleventh Circuit denied Defendant's petition for rehearing on September 8, 1999. (ECF Nos. 108–109.)

Now, some twenty years after the court's order denying his motion for reconsideration of its order denying his initial § 2255 motion as untimely (*see* ECF Nos. 75, 85), Defendant seeks relief from this order pursuant to Rule 60(d)(1) of the Federal Rules of Civil Procedure.

Defendant claims that in the court's original order denying his § 2255 motion as untimely, the court "failed to 'interpret' the 'substance of the allegations contained in Ground 1 of the petitioner's Motion for Reconsideration (ECF No. 81) as requiring relief under the "Government impediment" provision of the one-year limitations period under § 2255."[1]

---

[1] Section 2255(f)(2) provides that the one year limitation period may run from "the date on which the impediment to making a motion created by Governmental action in violation

(ECF No. 292 at 3.)   According to Defendant, the untimeliness of his original § 2255 motion was caused by the actions of his former case manager at the Bureau of Prisons in delaying the return of his photocopied motion, and therefore this "Government impediment" should have tolled the time for filing his motion.

Defendant claims to have "inartfully" raised this claim to the Eleventh Circuit in his appeal of the denial of the § 2255 motion.[2]  He has previously raised this issue before this court pursuant to Rule 60(b)(6) and Rule 60(b)(4) at least three other times beginning in 2013.  (*See* ECF Nos. 188-189, 198-199, 203-204).  He now seeks relief from the order denying his § 2255 motion as untimely pursuant to Rule 60(d)(1), which provides as follows:

> **Other Powers to Grant Relief**.  This rule does not limit a court's power to:
>
> (1) Entertain an independent action to relieve a party from a judgment, order, or proceeding.

---

of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action."

[2] The court finds it improbable that the event Defendant describes, a delay in making photocopies by a prison employee, is the sort of unconstitutional government action contemplated by §2255(f)(2).

Case No.: 4:94cr4054/WS

Fed.R.Civ.P. 60(d)(1).[3] Such independent actions must "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *United States v. Beggerly,* 524 U.S. 38, 46 (1998)(quotation omitted); *Aldana v. Del Monte Fresh Produce N.A., Inc.,* 741 F. 3d 1349, 1359 (11th Cir. 2014). Rule 60(d)(1) relief is only available if relief is required to prevent a grave miscarriage of justice. *Beggerly*, 524 U.S. at 47. The Eleventh Circuit has identified the following elements required for Rule 60(d)(1) relief:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law.

*Aldana*, 741 F. 3d at 1359 (*quoting Travelers Indem. Co. v. Gore*, 761 F. 2d 1549, 1551 (11th Cir. 1985) (quoting *Bankers Mortg. Co.,* 423 F. 2d 73, 79 (5th Cir. 1970)); *see also Solomon v. DeKalb County, Georgia,* 154 F. App'x 92 (11th Cir. 2005) (discussing standard);

---

[3] Until its amendment in 2007 (effective December 1, 2007), Rule 60 had only subsections (a) and (b). The changes were stylistic (*see* Advisory Committee Notes to 2007 Amendments), and the language now set forth in subsections (c), (d), and (e) was formerly contained within 60(b). *Compare* Fed.R.Civ.P. 60 (2006).

*Armour v. Monsanto Co.,* 995 F. Supp.2d 1273 (N.D. Al. 2014) (same).

Some courts have construed Rule 60(d) motions by habeas petitioners as second or successive motions for which the petitioners must apply to the Eleventh Circuit for permission to raise before the district court.  *See Baker v. United States,* 791 F. App'x 884 (11th Cir. 2020); *United States v. Bueno-Sierra,* 723 F. App'x 850 (11th Cir. 2018); *United States v. Light,* 8:05-cr-341-T-24-EAJ, 2014 WL 4436419, *2 (M.D. Fla. Sept. 9, 2014); *United States v. Vanegas-Vera*, Case 98-663-CR, 2010 WL 6830351, *5 (S.D. Fla. Nov. 22, 2010) (collecting cases); *United States v. Miller*, Case 01-00104-KD-C, 2018 WL 1612846, *2 (Apr. 3, 2018).   Through the instant motion, Defendant is not directly seeking relief from his criminal judgment, although that is his ultimate goal.  Rather he is seeking relief from the district court's judgment denying his post-conviction motion as untimely, so that the motion may be reviewed on the merits.  Thus, his motion is not a successive § 2255 motion.

Nonetheless, after reviewing the record and pertinent case law the court is not persuaded that Defendant has established his entitlement to Rule 60(d) relief in accordance with the elements set

forth in *Aldana*. A Rule 60(d) motion must "attack some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (cited in *Baker*, 791 F. App'x at 885). Defendant had the opportunity to and did present his claim, including a supporting affidavit from the BOP employee in question, to the Eleventh Circuit Court of Appeals when he appealed the district court's determination of untimeliness in 1998. Defendant, the master of his claim, admits he did not characterize his timeliness defense as involving a Government impediment. (*See, e.g.,* ECF No. 188 at 5.) This may not have mattered, as a delay in making photocopies by an individual who happened to be a federal employee is likely not the sort of unconstitutional government action contemplated by §2255(f)(2). Defendant undoubtedly believes that the judgment should not in equity and good conscience be enforced. His belief rests on his disagreement with both the trial and appellate courts' adverse determination of the question of timeliness, after each court's review of the evidence and argument he presented. This is not enough.

Additionally, the fact that over twenty years have elapsed since the judgment in question was entered weighs against Defendant's

quest to be relieved from the judgment. As one court has noted, although "Rule 60(d) allows an action to be brought outside of the one-year limitation imposed on portions of Rule 60(b), the timing of the action must still be reasonable." *Armour*, 995 F. Supp. 2d at 1282; *see also Day v. Benton*, 346 F. App'x 476 (11th Cir. 2009).

In sum, Defendant's motion does not demonstrate the extraordinary circumstances necessary to justify relief under Rule 60(d)(1), and it should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A certificate of appealability is also required to appeal the denial of a Rule 60(b) motion. *Williams v. Chatman,* 510 F.3d 1290, 1294 (11th Cir. 2007); *Gonzalez v. Sec'y for Dept. of Corrections*, 366 F.3d 1253, 1263 (11th Cir. 2004). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

Case No.: 4:94cr4054/WS

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The Independent Action for Relief from Final Judgment pursuant to Rule 60(d) (ECF No. 292) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 27th day of March, 2020.

    s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Case No.: 4:94cr4054/WS

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.